# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1898.

### Illinois Central Railroad Company v. Walker Berry.

1. INSTRUCTIONS—*On Conflicting Evidence.*—Where, in a contested case, the evidence is conflicting, the instructions upon the law must be accurate.

2. SAME—*Assuming Controverted Facts.* — An instruction which informs the jury that neither the defendant (a railroad company) or its servants has a right to eject a person from a train while in motion is erroneous, as assuming that the person in question was ejected from the train while in motion by the servants of the company.

3. SAME—*Must Not be Misleading.*—An instruction which, in the absence of evidence upon which to base it, assumes that the conductor of a passenger train exceeded or violated his instructions contained in the rules of his company, is misleading as assuming that the conductor was engaged in an effort to enforce such rules.

4. EVIDENCE—*Witness May Explain His Testimony.*—On his cross-examination a railway conductor, as a witness, denied that he had paid money to a sister in a hospital to induce her to testify. Afterward the sister was produced as a witness and testified that the conductor had paid her fifty cents to testify in the case. The conductor was then recalled by the defendant and asked to explain whether the fifty cents given to the sister was a contribution to the hospital, or to induce her to testify, but the court sustained an objection to the question, and refused to permit the explanation. *Held*, error; it was the right of the witness to give his version of the matter in order that the jury might properly consider both sides and decide as to where the truth was.

Trespass on the Case, for ejecting a party from a moving train. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal

by defendant. Heard in this court at the November term, 1898.
Reversed and remanded. Opinion filed February 7, 1899.

CHARLES L. CAPEN, attorney for appellant; JOHN G.
DRENNAN, of counsel.

In an action of trespass, a master is never liable for the
action of a servant, even if wanton, malicious or willful,
unless the act complained of was done by the master's com-
mand, and was in truth his own act, or was a probable result
of orders given. In such a case the liability of the master
does not depend upon the relationship of master and servant.
I. C. R. R. Co. v. Reedy, 17 Ill. 580; St. L., C. & A. R. R.
Co. v. Dalby, 19 Id. 375; Tuller v. Voght, 13 Id. 277; Smith
on Master and Serv., *367; Chitty on Pl., *181, *131; 2 Hil-
liard on Torts, 524; Angell & Ames on Corp., Sec. 388.

It is not wantonness, willfulness, or negligence *per se*,
as matter of law, to put a trespasser off a moving train, but
the question depends upon the circumstances, the speed of
the train, etc., and must be left to the jury. S. & K. R. R.
Co. v. Sanford, 45 Kan. 372.

JOHN E. POLLOCK and BARR & POLLOCK, attorneys for
appellee.

When the evidence is conflicting and that produced by
either party, considered alone, is sufficient to require a ver-
dict in his favor, a new trial will not be granted on the
ground that the verdict is not sustained by the evidence.
Shevalier v. Seager, 121 Ill. 564; Lewis v. Lewis, 92 Ill. 237;
Addems v. Suver, 89 Ill. 482; Stickle v. Otto, 86 Ill. 161;
Haldeman v. Sennett, 21 Ill. App. 230; P. D. & E. Ry. Co.
v. Wm. M. Babbs, 23 Ill. App. 454.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for wantonly and willfully forcing
or pushing him off its train, whereby he was, as is alleged,
injured. A trial by jury resulted in a verdict for $3,000,
upon which judgment was rendered by the court for $3,012,
from which appellant appeals to this court, assigning various
errors by which a reversal of the judgment is sought.

Counts in both trespass and case are joined in the declaration.

It appears from the evidence that appellee and companion Dodson got upon the train of appellant at Anchor station, and instead of going into the car as is usual for passengers to do, they remained upon the outside platform of the car, where the conductor saw them and collected fare to Colfax station, the place they informed him they wanted to go. They got off the train at the latter station, and after the train started for Bloomington station they surreptitiously got upon the outside platform of one of the cars. At the time it was dark, and when the conductor discovered them upon the platform, they, in some manner, got off the train while it was in motion, and appellee's skull was fractured in the fall. There is much conflict in the evidence as to the manner in which they left the train, appellee and his companion testifying they were kicked or pushed off by the conductor, while to the opposite of this the evidence strongly tends to show they became frightened at the approach of the conductor, and his discovery of them, in consequence of which they jumped off the car while in motion.

It was in evidence by the testimony of passengers who were on the train, that immediately after the accident, it was in effect stated by Dodson that they jumped off the train, and it was also proved upon the trial that appellee, while in the hospital, and when he believed he would die, stated that all he knew about the accident was that he saw a man come through the car door and raise his hand. When all the evidence is considered the question of the weight thereof is a close one, and required the court to be accurate in the admission of evidence and instructions to the jury. The conductor of the train was a witness upon the trial and gave material testimony, and stated that appellee and Dodson jumped off the train as soon as he opened the car door, and that he did nothing to force them off. On cross-examination this witness was asked if he had not paid money to a sister in the hospital to induce her to testify in the case, to which he replied in the negative. The sister

was afterward produced as a witness by appellee and testified that the conductor had paid her fifty cents to testify in the case. The conductor was then recalled by appellant and asked to explain whether the fifty cents given to the sister was a contribution to the hospital, or to induce her to testify, but the court sustained an objection to the question, and refused to permit the explanation, to which appellant excepted. We think, under the circumstances of the case, this ruling of the court was harmful error. The incident of the fifty cents, as it then stood before the jury, strongly affected the credibility of a material witness, and it was the right of appellant to give its version of it, in order that the jury might properly consider both sides and decide as might seem to them just, and give credit where it was due. It is no answer to this point to say the conductor had already denied giving the fifty cents to the sister, because that denial was coupled with the further denial that it was intended for a bad purpose. He had not in terms denied the payment of money, but had denied the intent imputed to him.

Complaint is made by counsel for appellant to the instructions given to the jury at the instance of appellee, and especially are the criticisms directed to the first and second instructions. We think these instructions are inaccurate and misleading.

The first instruction concludes by informing the jury that neither the defendant nor its servants had a right to eject any person from the train while in motion. To this extent the instruction assumes that appellee was ejected from the train while in motion by the servants of appellant, this not being controlled or modified by the previous expression of the instruction. Besides, appellant urged the theory, under the evidence, that appellee was frightened at the approach of the conductor and was thereby induced to jump from the train. Under this instruction the jury might conclude that the mere menace of the conductor, causing fright, unaccompanied by acts of physical force, was coercion equivalent to ejection.

The second construction assumes that the conductor acted

in pursuance of rules of appellant in attempting to eject appellee from the train, and that he exceeded or violated the instructions contained in the rules. There was in fact no evidence upon which to base this instruction. If appellee's contention is well founded, then no just claim can exist that the rule has any application whatever, and on the other hand it is denied that any effort was made to eject appellee from the train. The instruction was misleading in assuming that the conductor was engaged in any effort to enforce the rule.

The appellant requested the court to give, and the court refused the following instruction:

"3. The law never presumes that one person has made a wrongful and unlawful attack upon the person of another, and such presumption holds until rebutted by evidence. Any one claiming that such attack was, in fact, made upon him, must prove his case by a preponderance of the evidence, and then must prove that the injuries complained of are such as directly and naturally result, and such as an ordinarily prudent person in the exercise of ordinary care ought to have anticipated would be likely to result from such attack."

The principles of this instruction were not sufficiently contained in the instruction given by the court, and we can not conceive of any valid reason why the instruction should not have been given. It announces elementary law, and the principles contained in it were applicable to the facts and vital to the issues of the case. It was error to refuse it.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.